IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUNG L. LEE, & KI LEE,<br><br>       Plaintiffs<br><br>V.<br><br>NCO FINANCIAL SYSTEMS, INC., &<br>ST. FRANCIS HOSPITAL,<br><br>       Defendants. | CASE NUMBER: 11-1086<br><br>COMPLAINT FOR VIOLATION OF 15 U.S.C. § 1692 ET. SEQ. |

COME NOW, Jung L. Lee and Ki Lee, by and through their attorneys of record, Weinstein and Riley, P.S., and allege:

### I.  PARTIES

1. Plaintiffs, Jung L. Lee and Ki Lee, are residents of King County, WA.

2. Defendant, NCO Financial Systems, Inc. ("NCO"), a debt collection agency, doing business in Washington, attempted, and continues to attempt, to collect an alleged debt from the Plaintiffs.

**COMPLAINT -** 1

**WEINSTEIN & RILEY, P.S.**
2001 WESTERN AVENUE, SUITE 400
SEATTLE, WASHINGTON 98121
TELEPHONE:  (206) 269-3490
Facsimile:  (206) 269-3493

3. Defendant, St. Francis Hospital ("St. Francis"), a nonprofit corporation, doing business in Washington, attempted and continues to attempt to collect a debt from Plaintiffs through its agent, NCO.

## II. JURISDICTION

4. Plaintiffs allege violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq., a federal statutory scheme enacted by the United States congress. The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Thus, jurisdiction is proper in this Court because the FDCPA is a law of the United States and subject to "federal question" jurisdiction.

## III. FACTS

5. On August 22, 2010, Defendant NCO mailed a letter to Plaintiffs stating that Plaintiffs owed $2,810.00.

6. In the August 22, 2010 letter, Defendant NCO wrote the following:

> "If you notify this office in writing within 30 days from receiving
>
> this notice, this office will obtain verification of the debt or obtain
>
> a copy of a judgment and mail you a copy of such judgment or
>
> verification."

7. In the August 22, 2010 letter, it is unclear to whom the money is allegedly owed, as the letter references both Defendant NCO and Defendant St. Francis.

8. On or about March 7, 2011, Defendant NCO filed a summons and complaint in the King County District Court South Division, case no. 114-10469, alleging that NCO was assigned the

**COMPLAINT -** 2

alleged claim.  Upon information and belief, NCO remains the collection agency and not the lawful owner of the alleged debt.

9.  On April 13, 2011, Defendant NCO sent a letter to Plaintiffs.  The letter stated "per our telephone conversation, enclosed find a copy of our stipulated judgment."   No such telephone conversation had taken place, and Plaintiffs were entirely unaware of a lawsuit, as they had not yet been served with process.  The letter also did not state that the correspondence was from a debt collector and that any information obtained would be used in furtherance of collection.

10. On or about June 15, 2011, Plaintiffs were served with a copy of Defendant NCO's state court complaint.

11. Throughout the Defendants' collection efforts as described above, Defendant NCO left voicemail messages on Plaintiffs' answering service without identifying the caller.

12. The Defendant's aforementioned activities, as set out above, were conducted in a manner that was highly offensive to a reasonable person. As a result of the Defendants' behavior, detailed above, Plaintiffs suffered and continue to suffer embarrassment, mental anguish, emotional distress, and loss of credit.

## IV. CAUSES OF ACTION

### GENERAL ALLEGATIONS APPLICABLE TO COUNTS I THROUGH VI

13. Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3) and Defendant NCO is a debt collector as defined by 15 U.S.C. § 1692a(6).

14. Defendant St. Francis engaged NCO to collect on the alleged debt at issue, and is therefore liable under agency law. *See Fox v. Citicorp Credit Servs., Inc.,* 15 F.3d 1507, 1516 (9th Cir. 1994).

**COMPLAINT -** 3

## Count I

15. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing -- (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period **that the debt, or any portion thereof, is disputed**, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector. 15 U.S.C. § 1692(g)(a) (emphasis added).

16. Defendant NCO violated 15 U.S.C. § 1692(g)(a)(4) by failing to inform Plaintiffs that in order to obtain verification of the debt, they must notify the debt collector in writing that the debt or any portion thereof is disputed.

17. Defendant St. Francis is liable under agency theory for NCO's violation as described in paragraph 14, *supra*.

## Count II

18. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. 1692e. The false representation of the character, amount, or legal status of any debt is a violation of 15 U.S.C. 1692e(2)(A).

19. Defendant NCO misrepresented the character and legal status of the alleged debt in its August 22, 2010 letter to Plaintiffs as NCO claimed that it was owed money, but within the same letter represented that money was owed to St. Francis.

**COMPLAINT -** 4

20. Defendant St. Francis is liable under agency theory for Defendant NCO's violation as described in paragraph 19, *supra*.

### Count III

21. Plaintiffs reallege paragraph 18.

22. Defendant NCO misrepresented the character and legal status of the alleged debt in its complaint filed on March 7, 2011 by alleging that the debt was assigned to it.

23. Defendant St. Francis is liable under agency theory for Defendant NCO's violation as described in paragraph 22, *supra*.

### Count IV

24. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. 1692e. The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer is a violation of 15 U.S.C. 1692e(8).

25. Defendant NCO made a false representation and used deceptive means to collect a debt when it stated in its April 13, 2011 letter that it was sending a stipulated judgment to Plaintiffs pursuant to a conversation that did not happen.

26. Defendant St. Francis is liable under agency theory for Defendant NCO's violation as described in paragraph 25, *supra*.

### Count V

27. The failure to disclose in communications that the communication is from a debt collector is conduct that violates 15 U.S.C. 1692e(11).

**COMPLAINT -** 5

28. Defendant NCO violated 15 U.S.C.A. 1692e in the April 13, 2011 letter to Plaintiffs that included a stipulated judgment. Defendant NCO failed to disclose in the letter that the letter was from a debt collector.

29. Defendant St. Francis is liable under agency theory for Defendant NCO's violation as described in paragraph 28, *supra*.

### Count VI

30. Plaintiff realleges paragraph 30, *supra.*

31. Defendant NCO violated 15 U.S.C. 1692e by leaving voicemail messages on the Plaintiffs' answering machine while not identifying who the calls were from.

32. Defendant St. Francis is liable under agency theory for Defendant NCO's violation as described in paragraph 31, *supra*.

### V.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray:

33. For Judgment against Defendants for actual damages.

34. For statutory damages of $1,000 per Defendant, per violating communication.

35. For costs and reasonable attorney's fees as determined by the Court pursuant to 15 USC 1692k(a)(3).

//

**COMPLAINT -** 6

**WEINSTEIN & RILEY, P.S.**
2001 WESTERN AVENUE, SUITE 400
SEATTLE, WASHINGTON 98121
TELEPHONE: (206) 269-3490
Facsimile: (206) 269-3493

## VI.  JURY DEMAND

36. Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury of all issues presented in this complaint which are triable by a jury.

Dated this 30 Day of June, 2011.

                                            s/Jason D. Anderson
Jason D. Anderson
Washington State Bar # 38014
Weinstein & Riley, P.S.
2001 Western Avenue Suite 400
Seattle, WA 98121
(206)-269-3490
(206)-269-3493 (fax)
jasona@w-legal.com
Attorney for Plaintiff

**COMPLAINT -** 7